UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD WALKER DEAN,  Case No. 11-10249

      Plaintiff,  Mark A. Goldsmith
v.  United States District Judge

MARK SYPNIEWSKI,  Michael Hluchaniuk
        United States Magistrate Judge

      Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 37)**

**I.    PROCEDURAL HISTORY**

On November 24, 2009, plaintiff filed his original complaint with the United States District Court for the District of Columbia against W Industries, a Detroit, Michigan corporation, and Mr. Sypniewski in his individual capacity. Mr. Sypniewski subsequently moved to dismiss plaintiff's complaint for failure to state a claim and for lack of personal jurisdiction. On December 23, 2010, the D.C. District Court granted Mr. Sypniewski's motion to dismiss under Rule 12(b)(2), deferred ruling on Mr. Sypniewski's substantive arguments under Rule 12(b)(6) and instead exercised its discretion, transferring plaintiff's complaint to this Court. (Dkt 2).

This Court received plaintiff's complaint on January 20, 2011. On January

31, 2011, Mr. Sypniewski's renewed his motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6). (Dkt. 6). Plaintiff filed his first amended complaint on February 18, 2011 and an opposition to Mr. Sypniewski's motion to dismiss on February 19, 2011. (Dkt. 9, 11). In his first amended complaint, plaintiff again asserts a claim for tortious interference with a contract or business relationship and also adds a claim for "willful and wanton conduct." (Dkt. 9). Mr. Sypniewski's then filed a second motion to dismiss plaintiff's first amended complaint in its entirety. (Dkt. 14). On January 23, 2012, the undersigned issued a report and recommendation, suggesting that defendant's motion to dismiss be granted. (Dkt. 21). On March 28, 2012, the District Court issued an order requiring plaintiff to file a second amended complaint, clarifying the citizenship of the parties, so that the Court could determine whether diversity jurisdiction was proper. (Dkt. 33). In this Order, the Court also denied defendant's motion to dismiss as moot, given the directive to file a second amended complaint. (Dkt. 33). The Court also directed plaintiff to clarify the identity of all intended defendants. (Dkt. 33).

Plaintiff filed his second amended complaint on April 4, 2012. (Dkt. 34). Defendant filed a second motion to dismiss the complaint, on similar grounds as those previously argued, on April 23, 2012. (Dkt. 37). Plaintiff filed a response on May 9, 2012. (Dkt. 38). Defendant filed a reply on May 29, 2012. This matter is now ready for report and recommendation.

For the reasons set for below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

## II. PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges that he, doing business as Edward Walker Dean & Associates, is a citizen of the State of Florida. (Dkt. 34, ¶ 1). Plaintiff also alleges that defendant, Mark Sypniewski, is a citizen of the State of Michigan. (Dkt. 34, ¶ 2). Plaintiff further alleges that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds. $75,000. (Dkt. 34, ¶ 3). W Industries, a Michigan corporation engaging in the manufacturing of metal products servicing the aerospace, defense, and energy industry sectors, hired plaintiff as a consultant to advance opportunities for defense or sub-defense contracts for W. (Dkt. 34, ¶ 4).

Pursuant to that purpose, plaintiff arranged meetings with a V.P. with General Dynamics above Sypniewski to raise awareness of W's capacity and potential for greater future partnerships. According to the complaint, General Dynamics was an important client for W. Industries and, knowing the importance of General Dynamics to W. Industries, Sypniewski made threats to cause the termination of plaintiff to punish him. According to the second amended complaint, Sypniewski exhibited animus toward plaintiff for the sole purpose of harming him and advancing his own personal interests in showing plaintiff and W.

Industries that he was in control and powerful and if he perceived that one had gone over his head or crossed him he would mete out his revenge. Sypniewski threatened W. Industries with making it difficult for W to procure contracts with General Dynamics in the future and he would cut their profit margins in contract negotiations if relationship with Dean was not terminated. (Dkt. 34).

Plaintiff alleges that Sypniewski's comments were sent through an agent or employee to plaintiff in a deliberate, malicious, revengeful action to cause the termination of the Consulting Agreement or business relationship between W. Industries and plaintiff. Sypniewski wanted to get revenge and show who the boss was because plaintiff arranged meetings with officers in General Dynamics above Sypniewski to raise awareness of W. Industries' capacity and potential for greater future partnerships.

Plaintiff also alleges that he was informed of defendant's role in his termination when he was terminated. On October 21, 2009, plaintiff arranged a meeting between W. Industries' C.E.O., Edward Walker, Mark Sypniewski and others with a Vice President of General Dynamics in order to make General Dynamics aware of the potential benefits that W. Industries could provide to General Dynamics. The Vice President was above Sypniewski who was the Director of Procurement for General Dynamics. After the meeting, plaintiff was praised by the C.E.O. of W. Industries and others present at the meeting for his

efforts to create greater awareness in General Dynamics about the potentials that W. Industries could provide in defense subcontracting to General Dynamics. That same day, according to the second amended complaint, defendant contacted the CEO of W. Industries and told him that if W. Industries did not terminate its relationship with plaintiff, he would make it very difficult for W. Industries to get any contracts with General Dynamics and would make sure that if they got a contract, he would cut into their profits.

On October 23, 2009, plaintiff was contacted by Jonathan Quarels, a high level executive with W. Industries and participant in the October 21 meeting with General Dynamics and defendant, and informed plaintiff that Edward Walker, the CEO of W. Industries, was "freaking out" because defendant had threatened W. Industries' business with General Dynamics and had threatened to cut into their profit margins if the relationship with plaintiff was not terminated. On October 30, 2009, plaintiff received a letter of termination signed by Jonathan Quarels terminating his Consulting Agreement with W. Industries and thereafter did not receive the $15,000 due to plaintiff on November 1st or any payments whatsoever thereafter.

Plaintiff also alleges that defendant knew that there was a contract or some kind of business relationship by and between him and W. Industries since he was present at and participated in a meeting with a General Dynamics Vice President

and the fact that he demanded that plaintiff be terminated shows that he knew that there was some kind of contractual or business relationship between Edward Walker Dean and W. Industries. Plaintiff also alleges that defendant's "intent" was to cause the termination of plaintiff's Consulting Agreement with W. Industries or, at a minimum, make its performance more difficult for plaintiff to perform under the agreement or conduct business relationships by threatening W. Industries to terminate his Consulting Agreement and/or business relationship or he would make it as difficult as possible for W. Industries to get contracts with General Dynamics and would make sure that if they got a contract he would cut into their profits. According to the second amended complaint, defendant knew that the sudden and unexpected termination of the Consulting Agreement without notice or warning would create personal and financial hardship on plaintiff and damage his reputation in the community within which he did business.

## III.   ANALYSIS AND CONCLUSIONS

   A.   Subject Matter Jurisdiction

According to defendant, plaintiff's second amended complaint fails to assert adequately subject-matter jurisdiction because plaintiff omits the entity type and domicile of Edward Walker Dean & Associates, a party to the contract at issue. Edward Walker Dean is the only named plaintiff and the second amended complaint clearly alleges that plaintiff is a citizen of the State of Florida.

Defendant seems to suggest that it is unclear whether Edward Walker Dean & Associates is a corporation, LLC, partnership or other entity. However, plaintiff's second amended complaint also states that he, individually, does business as "Edward Walker Dean & Associates." (Dkt. 34, ¶ 1). Defendant acknowledges that the owner of a sole proprietorship may represent the proprietorship in a pro se capacity. (Dkt. 37, Pg ID 235, n. 5), citing *NLRB v. Consol. Food Servs., Inc.*, 81 Fed.Appx. 13, 14 n. 1 (6th Cir. 2003). While plaintiff does not use the term "sole proprietorship," the undersigned concludes that plaintiff's allegation that he, as an individual, does business as Edward Walker Dean & Associates is sufficiently clear, particularly given that Edward Walker Dean, individually, is the only named plaintiff. Thus, in the view of the undersigned, plaintiff has identified the citizenship information regarding both the plaintiff and the defendant as required by Judge Goldsmith's March 28, 2012 Order and the diverse citizenship of the parties, along the alleged amount in controversy, satisfy the statutory diversity jurisdiction requirements.

  B.   <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting, *Twombly,* 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.,* quoting, *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling,

costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Such is not the case here. Thus, when applying *Twombly*, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

    C.    <u>Choice of Law/Tortious Interference</u>

Defendant asserts that Michigan law is applicable because this matter was transferred pursuant to 28 U.S.C. § 1406(a). *See EEOC v. NW. Airlines*, 188 F.3d 695, 700 (6th Cir. 1999); *Flynn v. Greg Anthony Constr. Co.*, 95 Fed.Appx. 726, 733 n. 5, 738-39 (6th Cir. 2003). Defendant is correct. However, defendant moves for dismissal of a tortious interference with a business expectancy claim, rather than a tortious interference with a contract claim. Under Michigan law, "tortious interference with a contract or contractual relations is a cause of action

distinct from tortious interference with a business relationship or expectancy." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich.App. 83; 706 N.W.2d 843 (2005) (citations omitted). The elements of the former are "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Id*. at 849. Whereas elements of the latter include (1) the existence of a valid business relationship or expectancy that is not necessarily based on an enforceable contract; (2) knowledge of the relationship or expectancy on the part of the defendant; (3) an intentional interference by the defendant inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy was disrupted. *Id*. Thus, defendant's focus on element three of the latter claim is not quite appropriate. The Court will, however, examine whether plaintiff has sufficiently alleged an unjustified instigation of the breach of contract by defendant. *See e.g.*, *Devon Industrial Group, LLC v. Demrex Industrial Services, Inc.*, 2012 WL 4839013, *6 (E.D. Mich. 2012).

To show an unjustified instigation of the breach by the defendant, the plaintiff "must allege the intentional doing of a per se wrongful act or the doing of a lawful act with malice and unjustified in law for the purpose of invading the contractual rights or business relationship of another." *CMI Int'l., Inc. v. Intermet Int'l. Corp.* 251 Mich.App. 125; 649 N.W.2d 808, 812 (2002). In the context of a

motion for summary judgment, if the "defendant's conduct was not wrongful per se, the plaintiff must demonstrate specific, affirmative acts that corroborate the unlawful purpose of the interference." *Id*.

Defendant argues that plaintiff's tortious interference claim is fatally flawed because it does not sufficiently allege defendant's intentional and wrongful inducement of breach. According to defendant, plaintiff fails to offer factual allegations which, if true, would allow a trier of fact to infer that defendant intentionally and wrongfully interfered and induced a breach of contract of an agreement between W. Industries and plaintiff. Defendant argues that plaintiff has not alleged that defendant performed an inherently wrongful act. And, defendant contends that plaintiff has not alleged a lawful act with malice and unjustified in law. Essentially, defendant contends that plaintiff has not adequately alleged that Mr. Sypniewski acted without justification. According to defendant, plaintiff has not alleged, for example, that Mr. Sypniewski acted without legitimate business reasons, which absolve him of liability when weighed against the specific facts surrounding the interference. Defendants cite a host of cases purportedly supporting this proposition.

First, in *Formall, Inc. v. Community Nat'l Bank of Pontiac*, 166 Mich.App. at 772; 421 N.W.2d 293 (1998), the Michigan Court of Appeals concluded, in the context of a motion to dismiss, that plaintiff's complaint failed, among other

reasons, because the complaint failed to state that the defendants were not motivated by legitimate personal and business reasons are shielded from liability against this cause of action. *Id.*, citing *Feldman v. Green,* 138 Mich.App. 360; 360 N.W.2d 881 (1984). In *Feldman*, however, the court was deciding a *motion for summary judgment*, not a motion to dismiss and did not hold that the complaint at issue was deficient in this respect. Thus, to the extent relevant in a federal proceeding, the undersigned is not persuaded that the correct pleading standard was applied in *Formall*. In *Christener v. Anderson, Nietzke & Co., P.C.*, 156 Mich. App. 330, 348, 401 N.W.2d 641, 650 (1986), the court of appeals upheld the trial court's decision, issued *after a bench trial*, that "defendants motivated by legitimate personal and business reasons are shielded from liability against [tortious interference]." Obviously, such a standard of proof is not applicable in the context of a motion to dismiss. The remaining cases cited by defendant are similarly unpersuasive or are unpublished decisions.

 Based on the foregoing standards, and the liberal pleading standards applicable to plaintiff's *pro se* complaint, the undersigned is simply not convinced that plaintiff is required to plead "corroborative acts" to satisfactorily allege that defendant acted with an improper motive of interference. In the view of the undersigned, defendant seeks to impose a summary judgment standard on plaintiff's complaint, which is not appropriate. Plaintiff alleges that defendant

resented plaintiff's arrangement of a meeting with a VP at General Dynamics above defendant and that defendant subsequently threatened to (and succeeded) in getting W. Industries to terminate its contract with plaintiff. According to the complaint, if W. Industries did not do so, defendant would ensure that W. Industries did not obtain any contracts with or work from General Dynamics. Whether plaintiff can offer sufficient proofs of defendant's motivations and actions is a question best left answered in the context of a motion for summary judgment. In the view of the undersigned, plaintiff's claim for tortious interference with a contract should survive the motion to dismiss.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 21, 2012          Michael Hluchaniuk
                                 Michael Hluchaniuk
                                 United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 21, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Edward Walker Dean, Katherine D. Goudie, Melissa L. Taylormoore, and Stephen W. Robinson.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov